United States District Court
Southern District of Texas
**ENTERED**
July 28, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Katie Kononen and | § | |
| Jeff L. Cooper, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action H-20-2842 |
| | § | |
| Texas Department of State | § | |
| Health Services and | § | |
| City of Laredo, | § | |
|     *Defendants.* | § | |

## Memorandum and Recommendation

Pending before the court are Defendant City of Laredo's (Laredo) motion to dismiss (D.E. 39) and Defendant Texas Department of State Health Services' (TDSHS) amended motion to dismiss (D.E. 41).[1] These motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons detailed below, the court recommends that Defendants' motions be granted.[2]

### 1. Background

In their amended complaint, Katie Kononen and her son Jeff Cooper allege that Laredo and TDSHS refused to provide them with a valid birth certificate for

---

[1] Because TDSHS filed an amended motion to dismiss, its motion to dismiss (D.E. 40) is moot.

[2] Kononen filed a supplemental response that was docketed as a motion. (D.E. 46.) In that filing, Kononen requested that her original birth certificate be returned from the U.S. District Court for the Western District of Texas. *Id.* at 2. The court recommends that the motion be denied as improperly filed in this action.

Kononen's father, Primitivo Ruiz. (D.E. 10 at 4.) Laredo moves to dismiss based on improper venue, insufficient service of process, and failure to state a claim, and TDSHS moves to dismiss based on Eleventh Amendment immunity, lack of standing, failure to state a claim, and res judicata. (D.E. 39, D.E. 41.)

### A. Previously Adjudicated Related Case

On July 16, 2018, Kononen filed a lawsuit in the Austin Division of the U.S. District Court for the Western District of Texas (Western District) against TDSHS. In a Report and Recommendation, the court provided this description of the lawsuit:

> Kononen asserts that she is attempting to obtain her father's delayed birth certificate from the Office of Vital Records, the Texas state agency tasked with managing these records. Kononen asserts she paid for four copies of her father's birth certificate, but when she received the copies of the certificates her parents' names had been redacted. She states she needs complete copies because she and her son need the complete records to qualify for Tribal Enrollment. She claims she has contacted the state agency[] and has been given no acceptable reason why she has not received a complete copy of the birth certificate she requested and paid for. She requests an order from the Court directing release of her father's complete birth certificate and compensation.

*Kononen v. Tex. Dep't of State Health Servs.*, A-18-CV-595-LY, 2018 WL 6790647, at *2 (W.D. Tex. Oct. 15, 2018).

Kononen alleged federal question jurisdiction but failed to specify an applicable federal statute or constitutional right that was violated. *Kononen*, 2018 WL 6790647, at *2. The court recommended that Kononen's claims "be dismissed

as frivolous and for lack of subject matter jurisdiction" under 28 U.S.C. § 1915(e)(2)(B). *Id.* The district judge adopted the report and recommendation and dismissed Kononen's claims with prejudice. *Kononen v. Tex. Dep't of State Health Servs.*, CIVIL NO. A-18-CV-00595-LY, 2018 WL 6795967, at *1 (W.D. Tex. Nov. 16, 2018).

### B. Current Case

On January 10, 2020, Plaintiffs filed this action against TDSHS and Laredo in the U.S. District Court for the District of Oregon (District of Oregon). (D.E. 1.) In the amended complaint, Plaintiffs allege that they have spent years trying to get a valid birth certificate for Ruiz but that Laredo and TDSHS have refused to provide a copy. (D.E. 10 at 4.) Plaintiffs further allege that Kononen "sen[t] Texas the sole copy of said certificate she had [and] the agencies refuse[d] to return that inaccurate copy . . . [but] sen[t] an incomplete version without any parents listed[.]" *Id.* Plaintiffs seek an accurate birth certificate for Ruiz or, if the original was destroyed, a letter stating that it was destroyed. *Id.* Plaintiffs allege that Defendants' failure to provide a birth certificate for Ruiz violates the Thirteen, Fourteenth, and Fifteenth Amendments to the U.S. Constitution, the Civil Rights Act, the Indian Citizenship Act, and the Voting Rights Act. *Id.* at 3. Although not mentioned in Plaintiffs' pleading, 42 U.S.C. § 1983 provides the avenue of redress by which Plaintiffs'

federal constitutional and statutory claims may be asserted against Defendants. *See* 42 U.S.C. § 1983.

Before TDSHS and Laredo were served, the District of Oregon found that, under 28 U.S.C. §§ 1391(b) and 1406(a), venue was not proper in the District of Oregon. (D.E. 19 at 5–6.) That court found venue to be proper in the U.S. District Court for the Southern District of Texas (Southern District)[3] and ordered that the case be transferred to the Southern District. *Id.* at 6. The case was transferred to the Houston Division of the Southern District on August 14, 2020. (D.E. 20.) TDSHS and Laredo were served by the U.S. Marshals Service in January 2021. (D.E. 34; D.E. 37.)

Laredo and TDSHS filed their respective motions to dismiss on February 9, 2021. (D.E. 39; D.E. 41.) Plaintiffs filed responses to the motions in February and March 2021. (D.E. 45; D.E. 47; D.E. 50.) TDSHS filed a reply in March 2021. (D.E. 48.)

---

[3] The District of Oregon footnoted that venue would also be proper in the Western District where Kononen's prior case had been filed but that, because Laredo is in the Southern District and "appears to be directly responsible for the alleged failures here," the case should be transferred to the Southern District, rather than the Western District. (D.E. 19 at 6 n.2.)

## 2. Standards of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Subject matter jurisdiction "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting U.S. Const. art. III, § 2). Constitutional "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction." *Id.*; *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). The party invoking subject matter jurisdiction has the burden to prove standing. *Spokeo, Inc.*, 136 S. Ct. at 1547. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580

(5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### 3. Analysis

Although Defendants raise multiple arguments, the court finds that the case should be dismissed with prejudice because Plaintiffs fail to state a claim on which relief may be granted and amendment would be futile as explained below. Before reaching that discussion, however, the court addresses TDSHS's argument that Plaintiffs lack standing, which raises jurisdictional concerns.

## A. Standing

The elements of constitutional standing are that the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.,* 136 S. Ct. at 1547. TDSHS argues that Plaintiffs do not have standing because the sole injury they seek to remedy is "the inability to obtain membership in the Mescalero Apache Tribe." (D.E. 41 at 5.)

Plaintiffs' amended complaint states that Defendants denied Plaintiffs a copy of Ruiz's birth certificate. TDSHS does not provide any reason that Plaintiffs would not be allowed to obtain the birth certificate. Although Plaintiffs explain in their court filings that they wish to use the birth certificate in their efforts to secure membership in the Mescalero Apache Tribe, they do not request a court ruling on that issue and cite other reasons that they wish to obtain Ruiz's birth certificate. Because Plaintiffs are trying to vindicate their own rights related to Defendants' alleged conduct, Plaintiffs have standing to bring this lawsuit.

## B. Failure to State a Claim

Plaintiffs fail to state any facts in support of the elements of the claims raised. Even construing Plaintiffs' complaint liberally and considering the information

presented by Plaintiffs in letters and briefs filed in this case,[4] the court cannot identify any facts to support the alleged constitutional and statutory violations. *See Calogero*, 970 F.3d at 580 (stating that a plaintiff's complaint must contain sufficient factual content for the court to draw a reasonable inference that a defendant is liable for the misconduct alleged). Moreover, the court cannot perceive of any cause of action or legal right that Plaintiffs have against these Defendants. Thus, allowing Plaintiffs to amend would be futile. Because the court granted Plaintiffs leave to proceed in forma pauperis, Plaintiffs' claims are subject to § 1915(e)(2)(B), which states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Plaintiffs' claims against Laredo and TDSHS do not rise to the level of any federal cause of action.

For the following additional reasons, amendment of Plaintiffs' claims against TDSHS would be futile. As an agency of the State of Texas, TDSHS is protected from Plaintiffs' claims by the Eleventh Amendment.[5] *See* Tex. Gov't Code Ann.

---

[4] The court notes that Plaintiffs have filed a complaint, an amended complaint, exhibits, a response to Laredo's answer, responses to both motions to dismiss, a supplemental response to the motions, and several letters to the court, the totality of which do not raise factual support for any cause of action. (D.E. 1; D.E. 10; D.E. 13; D.E. 22; D.E. 27; D.E. 35; D.E. 36; D.E. 45; D.E. 47; D.E. 49; D.E. 50.)

[5] TDSHS argues that the court lacks subject matter jurisdiction because Eleventh Amendment immunity applies. (D.E. 41 at 4.) The Fifth Circuit Court of Appeals recently stated that it is "unclear whether and to what extent the Eleventh Amendment deprives a federal court of subject-

§ 531.001(4)(B) (identifying TDSHS as a Texas health and human services agency). "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. Const. amend. XI). Congress did not abrogate Eleventh Amendment immunity in enacting § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Plaintiffs point to nothing that suggests the State of Texas consented to Plaintiffs' lawsuit or otherwise waived immunity. Plaintiffs may not pursue their § 1983 claims against TDSHS.

Kononen's claims against TDSHS are also barred by the doctrine of res judicata. Under the federal standard for res judicata, a claim is barred when "(1) the parties are identical in the two actions; (2) the first judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases." *Matter of 3 Star Props., L.L.C.*, 2 F.4th 387, 396 (5th Cir. 2021). Kononen pleaded the same allegations against TDSHS in the Western District. The Western District dismissed the case with prejudice as frivolous. *Portillo v. Cunningham*, 872 F.3d 728 (5th Cir. 2017) ("A

---

matter jurisdiction to hear a case that arises under a federal statute." *Cutrer v. Tarrant Cnty. Loc. Workforce Dev. Bd.*, 943 F.3d 265, 270 n.4 (5th Cir. 2019).

dismissal with prejudice is an adjudication on the merits" for purposes of res judicata.). Plaintiffs' claims against TDSHS are barred by res judicata.

## 4. Conclusion

For the reasons stated above, the court determines that further amendment would be futile. Plaintiffs have failed to state a claim upon which relief may be granted. The court recommends that Laredo's and TDSHS's motions to dismiss (D.E. 39; D.E. 41) be granted and that the case be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 28, 2021.

_____
Peter Bray
United States Magistrate Judge